IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

BOTTS V. LINCOLN JOURNAL STAR

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KIRK ANTHONY BOTTS, APPELLANT,
V.
LINCOLN JOURNAL STAR AND LORI PILGER, APPELLEES.

Filed January 28, 2014.    No. A-13-195.

Appeal from the District Court for Lancaster County: KAREN B. FLOWERS, Judge. Affirmed.

Kirk Anthony Botts, pro se.

No appearance for appellees.

INBODY, Chief Judge, and PIRTLE and RIEDMANN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Kirk Anthony Botts appeals the decision of the district court for Lancaster County denying his motion to proceed in forma pauperis because his proposed amended complaint failed to allege a valid cause of action. For the reasons that follow, we affirm.

### BACKGROUND

On January 17, 2013, Botts filed a motion for leave to proceed in forma pauperis. Botts sought to file a civil action against the Lincoln Journal Star newspaper and Lori Pilger for defamation.

Botts proposed complaint alleged that the headline of an article about him written by Pilger and published in the Lincoln Journal Star was misleading. The headline read, "Man Sues Lincoln Police Over His Trip to Jail." Botts asserted the headline amounted to defamation of his character and was slanderous. He asserted that he did not sue the Lincoln police for his trip to jail, but, rather, that he sued for injuries sustained during transport, because he was taken "on a

pursuit to another alleged crime" and was not placed in a seatbelt or proper restraint while in police custody. He asserted "[h]undred [sic] of thousands of people read the journal star and to me and them it seems as though I sued the police over taking me to jail." Botts sought compensatory damages and punitive damages and "what else the court deems just."

On January 18, 2013, the trial court issued an order in response to Botts' motion for leave to proceed in forma pauperis. The court explained the two types of defamation recognized in Nebraska and what must be included in the complaint to state a cause of action. The court stated that words may be actionable per se, or in themselves, or that they may be actionable per quod, or only on the allegation and proof of (1) the defamatory meaning of the words used and (2) special damages.

The trial court found that the headline of the article was not defamatory per se. Thus, the court further explained that for Botts to state a cause of action for defamation, he must allege the defamatory meaning of the words and must allege special damages. The court found the proposed complaint did neither. It stated that Botts failed to allege what defamatory meaning the words had under the circumstances of the case and that Botts failed to allege what damages he suffered which he needed to be compensated for or if he was damaged at all. The court gave Botts 30 days to submit a proposed amended complaint to correct the deficiencies noted by the court.

Botts submitted an amended complaint on February 14, 2013, in which he sought $1 million in damages for "mortification, degradation, and humiliation suffered as a result of the false reporting . . . and whatever else the court deems just and equitable in the premises."

The trial court found that Botts' amended proposed complaint failed to allege any special damages. The court found that without an allegation of special damages, the complaint stated no cause of action, and it denied Botts' motion to proceed in forma pauperis.

ASSIGNMENT OF ERROR

Botts assigns that the trial court erred in denying his motion to proceed in forma pauperis.

STANDARD OF REVIEW

A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012).

ANALYSIS

Botts initially filed his motion to proceed in forma pauperis, along with his proposed complaint for defamation against the Lincoln Journal Star and Pilger. The court found that Botts' complaint did not state a cause of action for defamation. The court did not immediately deny his motion, but, rather, it gave Botts 30 days to amend his proposed complaint, pointing out the deficiencies in the pleading and what must be added to state a claim. While Botts submitted an amended proposed complaint within 30 days, the trial court found that he failed to satisfactorily amend the complaint to state a claim because he did not alleged special damages. See *Moats v. Republican Party of Nebraska*, 281 Neb. 411, 796 N.W.2d 584 (2011). As a result, the district court denied Botts' motion to proceed in forma pauperis.

Section 25-2301.02, which governs applications to proceed in forma pauperis, allows the court to object on its own motion to an application to proceed in forma pauperis "on the grounds that the applicant is asserting legal positions which are frivolous or malicious." For purposes of § 25-2301.02, a frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence. *Lenz v. Hicks*, 20 Neb. App. 431, 824 N.W.2d 769 (2012).

We recognize that a complaint that fails to state a claim is not per se "frivolous." See *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). However, where a plaintiff is advised by a trial court of the complaint's factual deficiencies and is given an opportunity to cure them, but is unable to, it is proper for a trial court to deny in forma pauperis status. See *Neitzke*, 490 U.S. at 327 (acknowledging that federal in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). Where a claim is without rational argument in law or fact, it is wholly without merit, and therefore frivolous. *Lenz v. Hicks, supra*. The trial court in the present action advised Botts that his initial complaint failed to allege the defamatory meaning of the purported libelous words and failed to identify his special damages. It gave Botts 30 days to file an amended complaint that included these factual requirements. The proposed amended complaint asserted only general damages, not special damages. Therefore, it was proper for the trial court to determine that Botts' claim was without rational argument in fact, wholly without merit, and therefore frivolous.

Based on our de novo review of the record, we conclude that because Botts did not plead special damages in his proposed amended complaint, his claim for defamation per quod is wholly without merit. Therefore, the trial court appropriately denied Botts' motion to proceed in forma pauperis.

CONCLUSION

We conclude that the trial court did not err in denying Bott's motion to proceed in forma pauperis. Accordingly, the order of the trial court is affirmed.

AFFIRMED.